Shahbaz Rahbari, Esq.  CSBN: 220042
LAW OFFICES OF SHAHBAZ RAHBARI
110 West A Street, Suite 1100
San Diego, CA 92101
Telephone: (619) 344-8668
Facsimile: (619) 344-8664

Attorneys for Plaintiffs, KEYVAN NASSIRI MOTLAGH and MAHIN SANEI KHANSARI

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA – SAN DIEGO COURTHOUSE

| | |
|---|---|
| KEYVAN NASSIRI MOTLAGH and MAHINDOKHT SANEI KHANSARI,<br><br>Plaintiffs,<br><br>v.<br><br>MACY'S CORPORATE SERVICES, INC., a foreign corporation; MACY'S RETAIL HOLDING, INC., a foreign corporation; MACY'S WEST STORES, INC., a foreign corporation; SCHINDLER ELEVATOR CORPORATION, a foreign corporation, and DOES 1 to 25,<br><br>Defendant.<br><br>AND RELATED CROSS ACTIONS. | CASE NO. 3:19-cv-00042-JAH-JLB<br><br>**DECLARATION OF KEYVAN NASSIRI MOTLAGH IN SUPPORT OF HER (GUARDIAN AD LITEM) REQUEST/MOTION TO APPROVE COMPROMISE OF DISPUTED CLAIM** |

I, Keyvan Nassiri Motlagh, hereby declare as follows:

1. I am the plaintiff and petitioner in the above matter. Unless as otherwise stated, I have personal knowledge of the following facts and if called upon, I would and could competently testify thereto.

2. As the Honorable Court is aware, on or about July 7, 2020 the Honorable Court granted my petition and designated me as the Guardian Ad Litem for my mother, Mahindokht Sanei Khansari, who is now 92 years old in this matter. This Declaration is respectfully submitted in support of my request and motion that the Honorable Court approve the proposed settlement agreement in the total amount of $12,500.00, and distribution of the related funds, for her as stated herein and the "Petition to Approve Compromise of Disputed Claim or Pending Action or Disposition of Proceeds of Judgment of Minor or Person With A Disability" (hereinafter "Petition") concurrently filed herewith.

3. As the Honorable Court is aware, this matter was resolved for a total of $55,000.00 for both my mother and I, $42,500.00 of which was my portion of the settlement was received and the related funds distributed in approximately May of last year.

3. I am informed and believe that, out of my mother's total settlement in the amount of $12,500.00, $5,586.28 would be for Mr. Rahbari and his office. As stated by Mr. Rahbari in his supporting Declaration submitted concurrently herewith, pursuant to our fee agreement (copy of which is provided with Mr. Rahbari's Declaration as Exhibit "A"), $5,625.00 would be for his/their fees (45% of gross recovery), in addition to $547.21 for costs advanced, equaling $6,172.21. He is however providing a $585.93 discount for my mother's settlement.

///
///
///

CASE NO. 3:19-cv-00042-JAH-JLB
DECLARATION OF KEYVAN NASSIRI MOTLAGH SUPPORT OF REQUEST TO APPROVE COMPROMISE OF DISPUTED CLAIM

2

4. I am further informed that Medicare has requested the amount of $1,413.72 as reimbursement for the medical expenses that they have paid on my mother's behalf in connection with this incident. Thus, my mother's net recovery, after these deductions, $5,500.00 in total. Copy of Medicare's letter dated January 29, 2020 in this regard is provided with Mr. Rahbari's Declaration submitted concurrently herewith as Exhibit "B."

5. Of course I would have liked much higher settlement amounts, but it is my understanding that, based upon the complexities of this case, some of which were discussed during the ENE and further stated below, the proposed and/or received amounts are reasonable.

6. The various and complex issues that we discussed during the ENE, and in general, include the following: a) medical examinations and treatments received by me, but mainly my mother, b) expenses paid for such these services by MediCal and Medicare, c) issue of liability, d) risks and costs involved in proceeding with this matter, e) us traveling to and residing in Tehran, Iran, f) inability/complexity of my mother flying/returning to Southern California, g) my understanding that my mother's medical providers did not relate the subject incident to the various examinations and treatments that she otherwise received, mainly in connection with her mental issues such as dementia and OCD, which have also been corroborated by Medicare's reimbursement claims, a further discussed below, and h) various experts required to properly litigate this matter.

///
///

CASE NO. 3:19-cv-00042-JAH-JLB
DECLARATION OF KEYVAN NASSIRI MOTLAGH SUPPORT OF REQUEST TO APPROVE COMPROMISE OF DISPUTED CLAIM

3

7. It is my understanding that, other than the Tri-City Medical ER visit, and her initial visit to her primary care physician, Dr. Roozchehr Safi, on June 24, 2016, none of her medical records relate any of her injuries to the subject incident. True and accurate copies of some of my mother's medical providers' records are referenced by Mr. Rahbari in his declaration.

8. As also stated, other than for the initial visits mentioned above, Medicare has not related any of her current medical issues to this incident, and thus didn't request reimbursement of any such expenses advanced on my mother's behalf. Therefore, it is my understanding and belief that connecting her current medical issues to this incident would have been very difficult. Thus, I believe that the proposed settlement for my mother is fair and reasonable.

9. As stated in my Petition in support of my request to be designated as my mother's Guardian Ad Litem, I am and have been essentially the only child that has been taking care of my mother since the date of this incident, and even more so during the past couple of years.

10. Accordingly, I respectfully request that the Honorable Court approve the proposed settlement agreement for her and that the related funds would be issued and/or distributed as proposed herein.

I declare under penalty of perjury under the laws of the United Stated of America that the foregoing is true and correct to the best of my knowledge and information.

Dated: August 22, 2020

_K. Nassiri_
Keyvan Nassiri Motlagh