1  Shahbaz Rahbari, Esq.  CSBN: 220042
   LAW OFFICES OF SHAHBAZ RAHBARI
2  110 West A Street, Suite 1100
   San Diego, CA 92101
3  Telephone:  (619) 344-8668
   Facsimile:  (619) 344-8664
4

5  Attorneys for Plaintiffs, KEYVAN NASSIRI MOTLAGH and
   MAHIN SANEI KHANSARI
6

7

8                  UNITED STATES DISTRICT COURT

9     SOUTHERN DISTRICT OF CALIFORNIA – SAN DIEGO COURTHOUSE

10

11 | KEYVAN NASSIRI MOTLAGH | CASE NO.  3:19-cv-00042-JAH-JLB |
   | and MAHINDOKHT SANEI | |
12 | KHANSARI, | |
   | | |
13 |         Plaintiffs, | **DECLARATION OF SHAHBAZ** |
   | | **RAHBARI IN SUPPORT OF** |
14 |         v. | **GUARDIAN AD LITEM'S MOTION** |
   | | **AND REQUEST TO APPROVE** |
15 | MACY'S CORPORATE SERVICES, | **COMPROMISE OF DISPUTED** |
   | INC., a foreign corporation; MACY'S | **CLAIM** |
16 | RETAIL HOLDING, INC., a foreign | |
   | corporation; MACY'S WEST | |
17 | STORES, INC., a foreign | |
   | corporation; SCHINDLER | |
18 | ELEVATOR CORPORATION, a | |
   | foreign corporation, and DOES 1 to | |
19 | 25, | |
   | | |
20 |         Defendant. | |
   | | |
21 | | |
   | AND RELATED CROSS ACTIONS. | |
22 | | |

23

24  ///

25  ///

26  ///

27  ///

28

I, Shahbaz Rahbari, hereby declare as follows:

1. That I am the attorney for the Plaintiffs in the above-entitled matter. That except as otherwise provided herein, I have knowledge of the following facts and if called upon as a witness I could and would competently testify thereto. As to the matters stated upon information and belief, I believe them to be true and accurate.

2. This declaration is provided in support of Guardian Ad Litem Keyvan Nassiri Motlagh's ("Guardian Ad Litem" or "Motlagh") Motion and Petition to Approve Compromise of Disputed Claim ("Petition") as to Plaintiff Mahindokht Sanei Khansari ("Khansari") in these proceedings and to: (a) describe the legal services performed by this declarant in this matter; and (b) summarize the facts, circumstances and issues in this matter, including the proposed settlement (and related Exhibit A) of Ms. Khansari, a true and accurate copy of which is hereby provided as Exhibit "A."

3. I have had the pleasure of representing the Plaintiffs regarding the subject incident, which occurred on or about June 17, 2016, since on or about June 22, 2016 when we met and entered into our Fee Agreement in this regard. A true and accurate copy of this Agreement is provided herewith as Exhibit "B." As evident and further discussed below, I undertook this matter on a contingency basis with no assurance that we would be able to recover any funds relating to this incident.

///
///
///
///

4.      To my recollection, on that date I met both Plaintiffs at their residence in Oceanside, California at the time with their sisters/daughters Homayoun and Kiandokht also being present. I recall that Ms. Khansari was alert and oriented and seemed to understanding our discussions regarding this matter.

5.      I further recall that during this meeting we also discussed the facts and circumstances of this incident, in addition to the nature and difficulties of these types of cases, most of which have been stated in Guardian's declaration provided herewith, including the issue of liability which, as further described below, was unsurprisingly denied by the defendant(s) pre-litigation.

6.      During the next few years our office and the Plaintiffs were in constant communications regarding this incident and the status of their treatments relating thereto. On a few occasions, I personally visited them at their residence.

7.      During this period of time we also obtained and reviewed various medical records for both Plaintiffs. In regards to Ms. Khansari's medical records, I do recall discussing them with my assistant at the time, including regarding the fact that excluding some of her initial visits, such as her Tri-City Medical Center Emergency Room visit immediately after the incident and a couple of visit(s) with her primary care physician and neurologist(s), they did not essentially reference and/or relate her other issues to the subject incident.

///
///
///
///

CASE NO. 3:19-cv-00042-JAH-JLB
DECLARATION OF SHAHBAZ RAHBARI SUPPORT OF GUARDIAN AD LITEM'S
REQUEST AND MOTION TO APPROVE COMPROMISE OF DISPUTED CLAIM

3

8.   For the foregoing reasons, and due to our understanding that Ms. Khansari's treatments were continuing and her health deteriorating, we decided to prepare and submit Petitioner's demand package to Defendant Macy's, which I believe we forwarded to them in early 2018. However, we thereafter received a denial of the claim; to my understanding this denial was by Schindler, and not necessarily Macy's (although they never admitted liability).

9.   Thereafter, prior to the running of the statute, we filed a lawsuit in the Superior Court, and after this filing we served the Defendants, whose corporate offices were out of State (Cincinnati and New Jersey). Two of the four Defendants subsequently Answered and Defendant Schindler Elevator Corporation served discovery requests on the Plaintiffs. The Plaintiffs also served their discovery requests on the Defendants, but prior to receiving the related responses, Defendant Schindler removed the matter to this Court. The Court is already aware of the important subsequent events, including the attendance of the parties (of course excluding Ms. Khansari) and their counsel at the Early Neutral Evaluation Conference (ENE), the total amount of the settlement reached between the parties, and the proposed terms of Ms. Khansari's settlement; relevant and important information regarding both settlements have also been outlined by the Petition and Petitioner's declaration in support thereof as well.

///
///
///
///

CASE NO. 3:19-cv-00042-JAH-JLB
DECLARATION OF SHAHBAZ RAHBARI SUPPORT OF GUARDIAN AD LITEM'S
REQUEST AND MOTION TO APPROVE COMPROMISE OF DISPUTED CLAIM

4

10.     During the approximately past 4+ years in representing the Plaintiffs regarding this incident, our office and I have performed many and various tasks including, but not limited to, the following prior to filing the lawsuit in the Superior Court: a) numerous communications and meetings with the Plaintiffs and family members, b) obtaining and reviewing their medical records, c) communicating with Macy's representatives, d) initiating lawsuit on their behalf against the Defendants, e) conducting and preparing responses to Defendant's requests, and f) drafting and propounding discovery on Defendants.

11.     Once removed to this Court, we continued to perform other related tasks including, but not limited to, complying with the Court's orders relating to this instant action such as discussions regarding and preparing joint discovery plan, preparing for and attending the ENE (including preparing and submitting the related Brief before hand), discussing and revising the proposed settlement agreements (which by themselves took substantial amount of time), the preparation and submission of Ms. Motlagh's Petition to Approve and designate her as Ms. Khansari's Guardian Ad Litem, and now preparing and submission of the Petition and related documents.

///
///
///
///
///
///
///

CASE NO. 3:19-cv-00042-JAH-JLB

DECLARATION OF SHAHBAZ RAHBARI SUPPORT OF GUARDIAN AD LITEM'S
REQUEST AND MOTION TO APPROVE COMPROMISE OF DISPUTED CLAIM

5

12. As previously informed and stated in the Guardian's declaration provided herewith, pursuant to our Fee Agreement (Exhibit B), I/our office would be entitled to receive a total $5,625.00 (45% of gross recovery), in addition to reimbursement of costs advanced in the amount of $547.21, which includes filing and service of process fees and retrieval of medical records as stated in the Petition. However, I have agreed to provide $585.93 in discounts, and thus am requesting a total of $5,586.28 in fees and costs. It should also be noted that we have not charged for any incidental costs, such as copying of medical and other records.

13. I am informed and believe that Medicare/CMS is requesting a total of $1,413.72 for reimbursement of medical expenses advanced on behalf of Ms. Khansari relating to this incident. A true and accurate copy of the related letter dated January 29, 2020 from CMS is attached to the Petitioner's declaration as Exhibit "C." Therefore, the proposed net recovery for Ms. Khansari would be $5,500.00.

14. I should note that, as stated above, in having reviewed some of Ms. Khansari's medical records previously obtained, other than the Tri-City Medical ER visit immediately after this incident, her visit to her primary care physician (Dr. Safi) on June 24, 2016, and her 11/22/16 visit with her neurologist (The Neurology Center), I do not recall them relating any of her injuries to, or even as to some reference, the subject incident. True and accurate copies of Dr. Safi (North County Health Services), including the next couple of visits after the initial 6/24/16 visits which do not reflect her fall/the subject incident, are provided herewith as Exhibit "D."

///

CASE NO. 3:19-cv-00042-JAH-JLB
DECLARATION OF SHAHBAZ RAHBARI SUPPORT OF GUARDIAN AD LITEM'S
REQUEST AND MOTION TO APPROVE COMPROMISE OF DISPUTED CLAIM

6

15.  As also stated in Ms. Motlagh's declaration, other than those visits, Medicare has not related any of her other medical issues/visits to this incident, and thus have not requested reimbursement of such medical expenses paid on her behalf.

16.  It is needless to say that this declarant would have desired a much higher settlement amounts for both Plaintiffs. However, based upon the complexities of this case, most of which were discussed during the ENE and also described in Ms. Motlagh's declaration, I believe that the proposed settlement amount is fair and reasonable.

17.  I had previously, and also have recently, been informed by Defendants' counsel that the Defendants do not oppose this request. As stated in the Petition, Defendant(s) Macy's had already issued and forwarded a check in the amount of $10,000.00, as their portion of the settlement, and I have deposited into our office Trust Account; none of these funds have been issued and/or disbursed.

18.  Accordingly, this declarant respectfully requests that the Honorable Court approve the proposed settlement agreement and Petition as to Ms. Khansari, through her Guardian Ad Litem (Motlagh), and that the related funds be issued and distributed as proposed therein.

///
///
///
///
///
///
///

CASE NO. 3:19-cv-00042-JAH-JLB
DECLARATION OF SHAHBAZ RAHBARI SUPPORT OF GUARDIAN AD LITEM'S
REQUEST AND MOTION TO APPROVE COMPROMISE OF DISPUTED CLAIM

7

1   ///

2   ///

3

4   I declare under penalty of perjury under the laws of the United Stated of

5   America that the foregoing is true and correct to the best of my

6   knowledge, information and recollection.

7

8   Executed this 21st day of August 2020.

9

10                          Respectfully submitted

11                          LAW OFFICES OF SHAHBAZ RAHBARI

12                          _/s/ Shahbaz Rahbari_____

13                          Shahbaz Rahbari,
                            Attorney for Plaintiffs

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. 3:19-cv-00042-JAH-JLB
DECLARATION OF SHAHBAZ RAHBARI SUPPORT OF GUARDIAN AD LITEM'S
REQUEST AND MOTION TO APPROVE COMPROMISE OF DISPUTED CLAIM

8