# EXHIBIT A

## <u>SETTLEMENT AGREEMENT AND RELEASE</u>

This SETTLEMENT AND RELEASE AGREEMENT ("AGREEMENT") is made and entered into by KEYVAN NASSIRI MOTLAGH, Guardian ad Litem for MAHINDOKHT SANEI KHANSARI (hereinafter " GUARDIAN AD LITEM") on the one hand, and SCHINDLER ELEVATOR CORPORATION ("SEC") and MACY'S WEST STORES, INC., MACY'S CORPORATE SERVICES, INC., and MACY'S RETAIL HOLDING, INC. (collectively "MACY'S") on the other hand.   Hereinafter SEC and MACY'S are individually referred to as "SETTLING DEFENDANT" and collectively referred to as "SETTLING DEFENDANTS" and all parties to this AGREEMENT are collectively hereinafter referred to as "SETTLING PARTIES" or individually as "SETTLING PARTY."

## 1.0   RECITALS

On June 1, 2018, PLAINTIFF MAHINDOKHT SANEI KHANSARI  (hereinafter "PLAINTIFF KHANSARI") filed a Complaint against SETTLING DEFENDANTS in the San Diego Superior Court of the State of California entitled *Keyvan Nassiri Motlagh, et al., v. Macy's Corporate Services, Inc., et al.* bearing Case No. 37-2018-00026817-CU-PO-NC (hereinafter "ACTION").   The Summons and Complaint in the ACTION are incorporated by reference as though fully set forth herein. Therein, PLAINTIFF KHANSARI alleges that on June 17, 2016 she sustained injuries after falling on an escalator at a Macy's department store located at 2559 El Camino Real, Carlsbad, CA 92008 (hereinafter "INCIDENT").   SEC and Defendant MACY'S WEST STORES, INC. ("MWSI") timely filed answers. MWSI timely filed a Cross-Complaint for Indemnity and Contribution against SEC.

On July 7, 2020, the Hon. John A. Houston approved the  Order Granting Motion to Appoint Guardian ad Litem Keyvan Nassiri Motlagh as Guardian Ad Litem for Mahindokht Sanei Khansari, to continue to prosecute and settle the action on her behalf.

## 2.0   NO ADMISSION

In making this AGREEMENT, the SETTLING PARTIES  do not admit the sufficiency of any claims, allegations, assertions, contentions, or positions of any other party, or the sufficiency of any defenses to any such claims, allegations, assertions, contentions or positions.   Further, in entering into this AGREEMENT, the SETTLING PARTIES to this AGREEMENT agree that the covenants and releases comprising this AGREEMENT are not intended to be admissions of liability, negligence, willful conduct, breach of contract, or fault of any kind whatsoever by any SETTLING PARTY.

SETTLING DEFENDANTS deny and dispute all liability, damage allegations, and contentions made by or on behalf of PLAINTIFF KHANSARI in the ACTION.  Notwithstanding same, the SETTLING DEFENDANTS herein enter into this AGREEMENT to resolve all claims alleged, or could have been alleged, by PLAINTIFF KHANSARI and/or her GUARDIAN AD LITEM in the ACTION.

GUARDIAN AD LITEM  wishes, after having fully considered the risks, potential

{00866603}

**Settlement Agreement**
*Re: Mahindokht Sanei Khansari, et al. v. Macy's Corporate Services, Inc., et al.*

outcomes, and costs of continued litigation in conjunction with SETTLING DEFENDANTS, to fully and finally resolve and settle PLAINTIFF KHANSARI'S differences and disputes of any type or description that were alleged, or which could have been alleged in the ACTION, including any and all allegations, contentions, claims and causes of action that PLAINTIFF KHANSARI sustained in the way of damage, loss, injury, or harm of any type or description as a result of any act or omission of the SETTLING DEFENDANTS.

**AGREEMENT AND RELEASE**

WHEREFORE, in consideration of the covenants and agreements expressed herein, and the recitals set forth above, which form a part of, and are incorporated into this AGREEMENT, and for good and sufficient consideration, the SETTLING PARTIES agree as follows:

**3.0    SETTLEMENT TERMS**

In full and final settlement of the ACTION, the SETTLING PARTIES agree as follows:

(a) On behalf of itself, SEC shall pay to GUARDIAN AD LITEM, and the satisfaction of any insurance or attorney's liens related to the INCIDENT, the sum of Two Thousand Five Hundred Dollars ($2,500.00) as full and final settlement of the ACTION.

On behalf of MACY'S, and the satisfaction of any insurance or attorney's liens related to the INCIDENT, MWSI will pay the sum of Ten Thousand Dollars ($10,000.00) to GUARDIAN AD LITEM for PLAINTIFF KHANSARI as full and final settlement of the ACTION.

Hereinafter the payments made by SEC and MWSI are collectively referred to as "SETTLEMENT FUNDS."

(b) The SETTLEMENT FUNDS will be delivered to the attention of Shahbaz Rahbari, Esq., at LAW OFFICES OF SHAHBAZ RAHBARI, 110 West A Street, Suite 1100, San Diego, CA 92101 and to Medicare as set forth in 3.0(d).

(c) The SETTLEMENT FUNDS will be sent to PLAINTIFFS' counsel once SETTLING DEFENDANTS have received: (1) signatures of GUARDIAN AD LITEM to this AGREEMENT; 2) the Court has approved this AGREEMENT pursuant to United States District Court, Southern District, Local Rule 17.1; and 3) Medicare (aka CMS) final lien demand letter(s) for PLAINTIFF KHANSARI, which SETTLING DEFENDANTS acknowledge and confirm receipt of.

(d) Time of Payment & Signatures:

Payment of the SETTLEMENT FUNDS shall be made within twenty (20) days of full execution of this AGREEMENT and approval of Court, and shall be made by check(s) or draft(s) made as further described below:

Thus, upon receipt of the executed version of this AGREEMENT by GUARDIAN AD LITEM , and approval of this AGREEMENT by the Court pursuant to United States District Court, Southern District, Local Rule 17.1 (as stated in paragraph(c) above), the SETTLEMENT FUNDS for PLAINTIFF KHANSARI shall be issued in three separate drafts/checks as follows:

(i)     The Medicare Lien In The Amount of $1,413.72:

The payment from SEC in the final amount of the Medicare Lien, shall be paid directly to Medicare and the remaining balance of $1,086.28 shall be sent to the Law Offices of Shahbaz Rahbari, Client Trust Account and Keyvan Nassiri Motlagh; and

The parties acknowledge and agree that MSWI has already issued a draft/check in the amount of $10,000.00 to PLAINTIFFS' counsel for PLAINTIFF KHANSARI, receipt of which is hereby acknowledged by GUARDIAN AD  LITEM and her counsel

(j)  Dismissal of ACTION:

**Dismissal with Prejudice of Complaint.**  It is understood and agreed by the SETTLING PARTIES that PLAINTIFF KHANSARI'S co-plaintiff, Plaintiff KEYVAN NASSIRI MOTLAGH (hereinafter "PLAINTIFF MOTLAGH") has settled all of her claims against the SETTLING DEFENDANTS in the ACTION, the agreement for which is incorporated herein by reference. Upon receipt by of the remaining SETTLEMENT FUNDS as to PLAINTIFF KHANSARI by PLAINTIFFS' counsel and verification of issuance of the Medicare lien referenced above, PLAINTIFF MOTLAGH, individually and as GUARDIAN AD LITEM for Plaintiff KHANSARI, will file with the Court a duly executed Request for Dismissal with Prejudice of their Complaint and will serve same on the SETTLING DEFENDANTS' counsel.

**Dismissal with Prejudice of MWSI's Cross Complaint.**  Upon receipt of PLAINITIFFS' filed dismissal with Prejudice, MWSI will file with the Court a duly executed Request for Dismissal with Prejudice of its Cross-Complaint and will serve same on the SETTLING PARTIES' counsel.

Settlement Agreement
*Re: Mahindokht Sanei Khansari, et al. v. Macy's Corporate Services, Inc., et al.*

## 4.0   RELEASES

**4.1   Plaintiff's Release.**   In consideration of the settlement amount set forth in Section III, *supra,* GUARDIAN AD LITEM on behalf of PLAINTIFF KHANSARI, and all past and present agents, successors, assigns, heirs, beneficiaries, and all others who may take an interest in the matters herein released , hereby fully and forever, generally and specifically release and discharge the SETTLING DEFENDANTS and SETTLING DEFENDANTS' attorneys, and their respective past, present and future principals, agents, employees, directors, officers, shareholders, board members, insurers, parent companies, affiliated companies and corporations, subsidiaries, predecessor and successor corporations and subsidiaries (hereinafter "RELEASEES") from any and all claims, demands, actions, rights, causes of action, obligations, liens, damages, judgments, indemnities, subrogations, duties, controversies, or any liability or claim of any nature, character or description that PLAINTIFF KHANSARI ever had or now have or might in the future have against the SETTLING DEFENDANTS, or any of them, for any damage, injury, disability, claim, loss or harm of any kind or description, based upon claims for damage which are related to the allegations, contentions or causes of actions in the ACTION, or any of them, by reason of any act, failure to act, cause, matter or event arising out of, or in any way relating to the facts and transactions referenced in the ACTION, including all claims for any damage, loss, injury or harm to PLAINTIFF KHANSARI resulting from any act or omission of the SETTLING DEFENDANTS relative to the incident of June 17, 2016.

It is agreed and understood that the release being provided by GUARDIAN AD LITEM on behalf of PLAINTIFF KHANSARI applies to all injuries and damages, whether now known or unknown, and whether now existing or which may result in the future.   GUARDIAN AD LITEM acknowledges that she has been fully advised of and understands the provisions of Section 1542 of the California Civil Code which reads:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

In further consideration of the payments made to PLAINTIFF KHANSARI pursuant to this AGREEMENT, GUARDIAN AD LITEM agrees to, and does hereby, waive and relinquish all rights afforded to her under California Civil Code Section 1542, or any similar law of any State or territory of the United States or other jurisdiction on behalf of PLAINTIFF KHANSARI.

**IT IS EXPRESSLY UNDERSTOOD AND AGREED** that this waiver of Civil Code section 1542 and the releases set forth in aforementioned paragraphs, are material terms of this AGREEMENT and were separately negotiated between the parties hereto.

Settlement Agreement
Re: *Mahindokht Sanei Khansari, et al. v. Macy's Corporate Services, Inc., et al.*

    **4.2**     **Releases by SETTLING DEFENDANTS.**  For value received, the receipt and adequacy of which is hereby acknowledged, SETTLING DEFENDANTS hereby release each of the other SETTLING DEFENDANTS and their members, related entities, agents, employees, representatives, contractors, suppliers, officers, directors, attorneys, partners, joint venturers, insurers, reinsurers, predecessors, successors, assigns, heirs, devises and co-owners from any and all rights, liabilities, claims, demands, causes of actions and obligations, real or personal to person or property, known or unknown, latent or patent, which they now have, or may after the signing of this AGREEMENT have, against such parties, ***only insofar as they arise from, are based upon, or relate to the ACTION***. This Release shall include a release by SETTLING DEFENDANTS against each other for all claims, damages, fees, expenses and losses of any kind or character for contribution, subrogation or express and implied indemnity, ***only insofar as they arise from, are based upon, or relate to the ACTION, and are*** based upon the terms and conditions of the Vertical Transportation Agreement between SETTLING DEFENDANTS and related entities, first entered into in July 11, 2010 and updated and amended periodically (hereinafter "VTA"). This Release is also binding on the insurers, reinsurers, assigns and subrogees of the SETTLING DEFENDANTS, the intent being that regardless of who actually paid the claim, damage, fees, expenses and losses each SETTLING DEFENDANT is released from all potential liability.

    It is agreed and understood that as to the matters released herein, the releases being provided by the SETTLING DEFENDANTS apply to all injuries and damages, whether now known or unknown, and whether now existing or which may result in the future. SETTLING DEFENDANTS acknowledge that they have been fully advised of and understand the provisions of Section 1542 of the California Civil Code which reads:

    A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

    SETTLING DEFENDANTS agree to, and do hereby, waive and relinquish all rights afforded to them under California Civil Code Section 1542, or any similar law of any State or territory of the United States or other jurisdiction. This waiver shall not have any effect on the past, ongoing, and future contractual obligations owed by SETTLING DEFENDANTS to each other in regard to the VTA.

    **IT IS EXPRESSLY UNDERSTOOD AND AGREED** that this waiver of Civil Code section 1542 and the releases set forth in aforementioned paragraphs, are material terms of this AGREEMENT and were separately negotiated between the parties hereto.

    **4.3**     **Waiver of Court Costs and Attorneys' Fees**. The SETTLING PARTIES hereby agree to waive and will not seek to recover court costs or attorneys' fees, or their own litigation expenses of any kind whatsoever incurred during the course of the ACTION.

**Settlement Agreement**

*Re: Mahindokht Sanei Khansari, et al. v. Macy's Corporate Services, Inc., et al.*

**4.3    GUARDIAN AD LITEM'S Warranties**: GUARDIAN AD LITEM warrants that she has standing to release the SETTLING DEFENDANTS and RELEASEES from the claims being released under this AGREEMENT. GUARDIAN AD LITEM further warrants and represents she has full authority to provide the releases provided herein, to prosecute the claims, to enter into a binding release agreement and to dismiss all claims whether past, present or future involving PLAINTIFF KHANSARI, including without limitation, those claims related to (1) the INCIDENT; (2) the ACTION; (3) any acts or omissions of the RELEASEES in connection with and related to the INCIDENT and the ACTION; and/or (4) personal injuries, past and future medical bills, lost income, emotional distress, loss of consortium, and/or wrongful death  arising out of and in connection with the INCIDENT and the ACTION. It is understood and agreed that this paragraph is a material part of this AGREEMENT.

**4.4    MACY'S Warranties**: MACY'S warrants that they have standing to release SEC from the claims being released under this AGREEMENT. MACY'S further warrants and represents they have full authority to provide the releases provided herein, to prosecute the claims, to enter into a binding release agreement and to dismiss all claims whether past, present or future involving SEC, including without limitation, those claims related to (1) the INCIDENT; (2) the ACTION; and (3) any acts or omissions of SEC in connection with and related to the INCIDENT and the ACTION. It is understood and agreed that this paragraph is a material part of this AGREEMENT.

**4.5    SEC's Warranties**: SEC warrants that it has standing to release MACY'S from the claims being released under this AGREEMENT. SEC further warrants and represents it has full authority to provide the releases provided herein, to prosecute the claims, to enter into a binding release agreement and to dismiss all claims whether past, present or future involving MACY'S, including without limitation, those claims related to (1) the INCIDENT; (2) the ACTION; and (3) any acts or omissions of MACY'S in connection with and related to the INCIDENT and the ACTION. It is understood and agreed that this paragraph is a material part of this AGREEMENT.

**4.6    Release of Liens & Medicare**: GUARDIAN AD LITEM warrants that the settlement proceeds provided pursuant to this AGREEMENT shall be used to pay any and all liens asserted by any health care provider, attorney, insurer, Medicare, ERISA or other person or entity, related to the INCIDENT as to PLAINTIFF KHANSARI. GUARDIAN AD LITEM further agrees to indemnify, defend and hold the SETTLING DEFENDANTS and RELEASEES harmless against any claims, loss, liability or expense, including attorneys' fees, incurred as a result of the failure to pay and/or otherwise satisfy any liens asserted by anyone, including any and all health care providers, attorneys and insurers, related to PLAINTIFF KHANSARI'S INCIDENT and/or ACTION. It is understood and agreed that this paragraph is a material part of this AGREEMENT.

☐ GUARDIAN AD LITEM hereby represents and warrants that PLAINTIFF KHANSARI (a) is not currently entitled to Medicare benefits, (b) was not entitled to Medicare benefits on or between the date of the INCIDENT and execution of this AGREEMENT and (c) does not reasonably expect to qualify for Medicare coverage within 30 months of executing this AGREEMENT; or

Settlement Agreement
*Re:  Mahindokht Sanei Khansari, et al. v. Macy's Corporate Services, Inc., et al.*

☐ GUARDIAN AD LITEM hereby represents and warrants that PLAINTIFF KHANSARI (a) currently qualifies for Medicare coverage, or (b) was entitled to Medicare benefits on or between the date of the INCIDENT and execution of this Agreement, or (c) expects to so qualify within 30 months of executing this AGREEMENT or (d) qualified for Medicare benefits or was a beneficiary of Medicare benefits on the date of the INCIDENT.  In further consideration for this Release, a Medicare Addendum dated is attached hereto as Exhibit "A" and incorporated herein by reference.

**4.7**   **Voluntary Release**:  The releases contained in this AGREEMENT are freely and voluntarily given by the SETTLING PARTIES after having been appraised of all relevant information and data and after having consulted with their counsel.

**4.8**   **Matters Not Released**:  Nothing in this AGREEMENT is intended to waive or release any claim or potential claim that cannot be waived or released under applicable California or federal law.

**4.9**   **Good Faith Settlement**:  The Parties stipulate that this settlement is in good faith as that term is defined in California Code of Civil Procedure Section 877.6.

**5.0**       **GENERAL CONDITIONS**

**5.1**   **No Admission of Liability.**  By entering into this AGREEMENT, no SETTLING PARTY is admitting to the sufficiency of any claim, allegation, assertion, contention or position of any other party, nor waiving any defense to any claim, allegation, assertion, contention or position. The SETTLING PARTIES hereto desire to resolve this matter in an amicable fashion and, pursuant to Code of Civil Procedure section 877, the parties have entered into this AGREEMENT in good faith.

**5.2**   **Entire Agreement.**  This AGREEMENT constitutes the entire agreement between the SETTLING PARTIES hereto pertaining to the subject matter hereof, fully supersedes any and all prior understandings, representations, warranties and agreements between the SETTLING PARTIES hereto, or any of the subject matter hereof, and may be modified only by written agreement signed by the SETTLING PARTIES hereto unless noted otherwise in this AGREEMENT.   This AGREEMENT is the final written representation of the settlement of these SETTLING PARTIES, and no oral understanding or verbal representation shall modify the AGREEMENT to any degree.

**5.3**   **Waiver of Section 1654.**  This AGREEMENT is the product of negotiation and preparation between and among all SETTLING PARTIES and their respective attorneys.  Therefore, the SETTLING PARTIES acknowledge and agree that this AGREEMENT shall not be deemed prepared or drafted by one party or another.  The SETTLING PARTIES agree that the language of this AGREEMENT shall not be construed or interpreted against the drafter of this AGREEMENT. Additionally, the SETTLING PARTIES hereby waive the provisions of Civil Code section 1654, which provides as follows:

**Settlement Agreement**

*Re:  Mahindokht Sanei Khansari, et al. v. Macy's Corporate Services, Inc., et al.*

> In cases of uncertainty not removed by the preceding rules, the language of a contract should be interpreted most strongly against the party who caused the uncertainty to exist.

**5.4**   **Independent Advice of Counsel**.  The SETTLING PARTIES hereto, and each of them, represent and declare that in executing this AGREEMENT, they relied solely upon their own judgment, belief, and knowledge and they have not been influenced by any representation and/or statement by any other party, their attorneys or agents.

**5.5**   **Governing Law.**  This AGREEMENT is delivered within the County of San Diego, State of California, unless otherwise noted, and the rights and obligations of the parties hereunder shall be construed and enforced in accordance with, and governed by, the laws of the State of California.

**5.6**   **Successors and Assigns.**  Each of the terms of this AGREEMENT are binding upon each of the SETTLING PARTIES and their respective predecessors, spouses, assigns, family members, executors, administrators, representatives, principals, agents, successors in interest, insurers, reinsurers and subrogees.

**5.7**   **Severability.**  If any provision of this AGREEMENT is held by a Court of competent jurisdiction to be invalid, void or unenforceable for whatever reason, the remaining provision not so declared shall, nevertheless, continue in full force and effect, without being impaired in any manner whatsoever.

**5.8**   **Further Assurances.**  The SETTLING PARTIES hereto agree to execute such documents and to take such other action as may be reasonably necessary to further the purpose of this AGREEMENT.

**5.9**   **Waiver.**  No breach of any provision hereof can be waived unless in writing.  Waiver of any one breach of any provision hereof shall not be deemed to be a waiver of any other breach of the same or any other provision hereof.

**5.10**   **Prevailing Party.**  The prevailing party in any action brought as a result of any SETTLING PARTY'S breach of this AGREEMENT shall be entitled to reasonable attorneys' fees and costs.

**5.11**   **Counterparts.**  The SETTLING PARTIES hereto may execute this AGREEMENT by way of separate counterparts.  Facsimile, email, PDF files, and photocopies shall serve as originals and counterparts for signing.

**5.12**   **Enforcement.**  The SETTLING PARTIES agree pursuant to Federal Rules of Civil Procedure § 41 (a) that the United States District Court – Southern District – San Diego Courthouse shall retain jurisdiction to enforce the AGREEMENT.

**Settlement Agreement**

*Re: Mahindokht Sanei Khansari, et al. v. Macy's Corporate Services, Inc., et al.*

In witness whereof, the parties hereto have executed this AGREEMENT

DATED: 22 August 2020

_____
KEYVAN NASSIRI MOTLAGH, Guardian Ad
Litem For MAHINDOKHT SANEI
KHANSARI

DATED:_____

SCHINDLER ELEVATOR CORPORATION

By:_____
Its:_____

DATED:_____

MACY'S WEST STORES, INC., MACY'S
CORPORATE SERVICES, INC., and MACY'S
RETAIL HOLDING, INC.

By:_____
Its:_____

## EXHIBIT "A"

## MEDICARE ADDENDUM TO RELEASE

In further consideration for the Agreement ("AGREEMENT") to which this Medicare Addendum is attached and incorporated therein, Defendants Schindler Elevator Corporation ("SEC") and Macy's West Stores, Inc., Macy's Corporate Services, Inc., and Macy's Retail Holding, Inc. (hereinafter collectively "RELEASEES") rely on the following representations, warranties and promises made by Kevyan Nassiri Motlagh, Guardian ad Litem for Plaintiff Mahindokht Sanei Khansari (hereinafter "RELEASOR") and RELEASOR'S counsel. Capitalized terms shall have the meaning defined in the Release, as applicable.

### I.    Representations and Warranties

RELEASOR, RELEASOR'S Counsel and RELEASEES agree that all representations, and warranties made herein shall survive settlement.

   A.    Medicare Secondary Payer.

1. In entering into this settlement, it is the intent of the parties that the settlement terms adequately consider and protect Medicare's interests under the MSP laws, 42 U.S.C. §1395y(b), and regulations (collectively, "MSP Laws"). It is not the purpose of this settlement agreement to shift responsibility to Medicare for medical or prescription drug expenses that arise from, or relate to, the alleged Incident giving rise to this settlement and/or that arise from or relate to the matters forming the basis of the claims asserted by RELEASOR.    RELEASOR and Plaintiff Mahindokht Sanei Khansari's Counsel acknowledge and agree that the parties hereto have taken reasonable steps to comply with the requirements of the MSP Laws.

2. RELEASOR and Plaintiff Mahindokht Sanei Khansari's Counsel Counsel are aware of Medicare's interest in this settlement to the extent Medicare has made any conditional payments under the MSP Laws for medical or prescription drug items or services received by RELEASOR that are related to the Incident giving rise to this settlement, and/or arising from or related to the matters forming the basis of the claims by RELEASOR.

3. RELEASOR and her counsel represent and warrant that they have provided or will provide the requisite information to RELEASEES or her attorneys necessary to comply with the mandatory reporting obligations under the MSP Laws.  Any information requested by a RELEASEE shall be provided by RELEASORS on a timeframe that allows such RELEASEE to report to CMS timely, without penalty.

   B.    RELEASOR'S Responsibility for Reimbursement of Medicare's Conditional Payments.

1. RELEASOR and Plaintiff Mahindokht Sanei Khansari's Counsel Counsel represent and warrant that they have notified CMS and/or its Coordination of Benefits Contractor of the Incident giving rise to this settlement.

2. RELEASOR and Plaintiff Mahindokht Sanei Khansari's Counsel Counsel acknowledge and agree that it is RELEASOR'S responsibility, and not the responsibility of RELEASEES, to reimburse CMS and/or its contractors for any such Medicare conditional payments. RELEASORS shall fulfill such obligation by means of the option selected below. (Check box).

☐ Option A (RELEASOR agrees to be bound by the provisions below)

(1) RELEASOR and Plaintiff Mahindokht Sanei Khansari's Counsel Counsel represent and warrant that within sixty (60) days of the receipt of a final demand letter from CMS and/or its contractor, they shall reimburse CMS and/or its contractors for any conditional payments related to the Incident giving rise to this settlement, and/or arising from or related to the matters forming the basis of the claims asserted by RELEASOR, as required by the MSP Laws.

(2) RELEASOR and h Plaintiff Mahindokht Sanei Khansari's Counsel er Counsel specifically warrant and represent that any and all conditional payments, liens, claims and subrogated interests of whatever nature or character asserted or potentially asserted by CMS and/or its contractors (hereinafter "Medicare Claims") arising from or related to the Incident or arising from or relating to matters forming the basis of RELEASOR'S claims have been, or will be, resolved and satisfied prior to distribution of any of the Settlement Funds to RELEASOR.

(3) Plaintiff Mahindokht Sanei Khansari's Counsel Counsel specifically warrants and agrees that he shall hold the Settlement Funds in an escrow account or client trust account without distributing them to RELEASOR or any other person or entity except CMS or its contractor until the Medicare Claims, if any, related to the Incident giving rise to this settlement, and/or arising from or related to the matters forming the basis of the claims asserted by RELEASOR, have been fully satisfied or waived as demonstrated by proof of claim or lien satisfaction or waiver from CMS or its contractor.

(4) RELEASOR and Plaintiff Mahindokht Sanei Khansari's Counsel Counsel further specifically warrant and represent that, prior to distributing any of the Settlement Funds to RELEASOR or any other person or entity, Plaintiff Mahindokht Sanei Khansari's Counsel counsel will provide to RELEASEES and her attorneys written documentation from Medicare proving waiver or satisfaction and release of the Medicare Claims arising from or related to prior conditional

payments, if any, made in connection with the Incident or the matters forming the basis of RELEASOR'S claims.

☒ Option B

RELEASOR authorizes payment of the amount of the Settlement Funds necessary to satisfy the Medicare claim pursuant to this Release to be made by SEC to Medicare with any amount remaining to be sent to Law Offices of Shahbaz Rahbari, Client Trust Account and Mahindokht Sanei Khansari.

C.    RELEASOR'S Responsibility for Payment for Future Medical Services

1.    RELEASOR agrees that it is her responsibility, and not that of RELEASEES, to pay for future Medical Services. [RELEASOR shall hold RELEASEES harmless from any and all adverse consequences in the event that this settlement results in loss of Medicare benefits by RELEASOR that he or she would have been entitled to absent settlement.]

With respect to future Medical Services, RELEASOR and her Counsel agree that it is RELEASOR'S sole responsibility to (1) maintain an accounting of all Medical Services after the date of settlement relating to the Incident giving rise to this settlement, and/or arising from or relating to the matters forming the basis of the claims asserted by RELEASOR in this litigation, and (2) sufficiently set aside and administer such funds for future Medical Services to protect Medicare's interest relating to this claim or litigation. All future Medical Services are the sole responsibility of RELEASOR and have been factored into the settlement amount and are to be paid out of the Settlement Funds.

II.    Reliance on Representations and Warranties

In agreeing to the Release, RELEASEES and their attorneys are relying on the representations and warranties of RELEASOR and her Counsel set forth in this Release, including without limitation regarding RELEASOR'S Medicare status and the actions RELEASOR and her Counsel have represented they have taken and/or will take to satisfy any and all conditional payments, liens, subrogation, and other claims or demands for payment associated with medical or prescription drug items or services furnished to RELEASOR arising from or relating to the Incident and or arising from or relating to the matters forming the basis of RELEASOR' claims.

If the above representations are not correct or the above actions are not performed, it is acknowledged and agreed that RELEASOR and her Counsel are in material breach of this Medicare Addendum, and RELEASEES and their attorneys shall receive complete repayment of the Settlement Funds from the RELEASOR. In addition, RELEASOR shall indemnify

{00864993}

RELEASEES as set forth elsewhere in this Release for her failure to adhere to the representations and warranties contained herein.

Executed in _____, this 22 day of August 2020.

_____

K. Nassiri

Keyvan Nassiri Motlagh, Guardian ad Litem for Mahinkoght Sanei Khansari

_____

Shahbaz Rahbari, Esq.
Attorney

# EXHIBIT B



**Orange County**
19800 MacArthur Blvd.
Suite 300
Irvine, CA 92612
Tel. 949.356.5500
Fax. 949.356.5501

Shahbaz Rahbari, Esq.
LAW OFFICES OF SHAHBAZ RAHBARI
www.RahbariLaw.com
Shahbaz@RahbariLaw.com

**San Diego**
1010 2nd Avenue
24th Floor
San Diego, CA 92101
Tel. 619.344.8668
Fax. 619.344.8664

<strong>June 22, 2016</strong>

### ATTORNEY-CLIENT FEE AGREEMENT

This agreement is made between Shabhaz Rahbari dba Law Offices of Shahbaz Rahbari, hereinafter referred to as "Attorneys", and Keyvan Nassiri Motlagh and Mahindokht Sanaikhansari, hereinafter referred to as "Clients".

**1. CONDITIONS.** This agreement will not take effect and we will have no obligations to provide legal services until each Client returns a signed copy of this agreement to the Attorney. A facsimile and/or electronic copy of this agreement is deemed as an original and therefore fully valid and enforceable.

**2. SCOPE OF SERVICES.** The legal services to be provided by Attorney for Clients are as follows: **To represent Clients regarding an incident which occurred on or about June 17, 2016 at Macy's at or near City of Carlsbad, County of San Diego, California; Clients represent that they both fell on the escalator of/at this Macy's. Clients also acknowledge and agree that Attorney's scope of services shall not include any worker's compensation services.**

Unless as otherwise stated herein, Attorney's scope of services in this matter shall be automatically terminated after Clients have resolved all their issues through a settlement, by signing a document commonly known as "Release of All Claims", or other similar type of document(s), and receiving the related settlement funds after Attorney's fees and costs and payment to third parties' have been paid as further described in paragraphs 4, 5 and 17, and/or when there is an entry of judgment in court. If additional legal services are necessary in connection with this matter, and Clients request Attorney to perform such services, additional fee arrangements must be made between Attorney and Clients.

Some examples of such additional services that may be required are: (1) If the judgment obtained is not in Clients' favor, or the amount thereof is unsatisfactory to Clients; (2) If the judgment obtained is in Clients' favor and an opposing party appeals from the judgment; (c) If a retrial is ordered after a motion for new trial or mistrial, or after reversal of the judgment on appeal; or (4) In judgment enforcement proceedings.

**3. CLIENT'S DUTY.** Clients agree to be truthful and cooperative with Attorney, keep him informed of any developments, to abide by this agreement and keep Attorney advised of Clients' address, telephone number and general whereabouts. Clients shall also appear promptly at all required court hearings and other conferences/meeting, including, but not limited to, depositions, mediations and settlement conferences. Clients shall further cooperate with Attorney regarding all related matters including, but not limited to, reviewing and producing documents that are required and/or Attorney deems appropriate, and reviewing and executing declarations/affidavits.

Initials: K N M

1



**Orange County**
19800 MacArthur Blvd.
Suite 300
Irvine, CA 92612
Tel. 949.356.5500
Fax. 949.356.5501

Shahbaz Rahbari, Esq.
LAW OFFICES OF SHAHBAZ RAHBARI
www.RahbariLaw.com
Shahbaz@RahbariLaw.com

**San Diego**
1010 2nd Avenue
24th Floor
San Diego, CA 92101
Tel. 619.344.8668
Fax. 619.344.8664

**4. LEGAL FEES, COSTS AND BILLING PRACTICES.** Attorney will only be compensated for legal services rendered if a recovery is obtained for Clients. However, regardless of recovery, Clients are obligated to pay for all costs, disbursements and expenses (if any), as further described below. **As compensation for services of Attorney Clients agree to pay one-third (33.33%) of the <u>gross</u> amount of any and all recoveries obtained as a result of said services if such recoveries are concluded prior to the filing of a lawsuit or the scheduling of an arbitration and/or mediation hearing, and 40% thereafter (when and if a lawsuit has been filed at Superior Court or an arbitration or mediation has been scheduled) whether by settlement, mediation or arbitration hearing, and 45% if the matter proceeds to within 30 days of the time of the trial date, i.e. if the matter has not been resolved until 30 days from the time of the first scheduled trial date.**

In the event of discharge or withdrawal of Attorney as provided in Paragraphs 8 and/or 9 below, Clients agree that Attorney will be entitled to be paid by Clients, upon receipt of Clients' funds from settlement, arbitration award or judgment in Clients' favor, the following fees for legal services provided by Attorney and his staff for Clients:

> Attorneys' billing rate: **$325.00 per hour**
> Associate Attorneys' billing rates: **$225.00 per hour;**
> Law Clerk, Paralegal and Investigational rates: **$95.00 per hour;**
> Secretarial billing rates: **$75.00 per hour**.

Clients further understand and agree that the time charged will include the time Attorney spends on telephone calls relating to Clients' matter, including calls with Client(s), witnesses, opposing counsel or court personnel. The legal personnel assigned to Clients' matter may confer among themselves about the matter, as required and appropriate. When they do confer, each person will charge for the time expended, as long as the work done is reasonably necessary and not duplicative. Likewise, if more than one of the legal personnel attends a meeting, court hearing or other proceeding, each will charge for the time spent. Attorney will charge for waiting time in court and elsewhere and for travel time, both local and out of town. All services are billed in minimum increments of .1 hour (6 minutes); however, the following have higher minimum charges:

> Telephone calls: .2 minimum
> Emails: .2 minimum
> Letters: .5 minimum

Initials: K.N

2



**Orange County**
19800 MacArthur Blvd.
Suite 300
Irvine, CA 92612
Tel. 949.356.5500
Fax. 949.356.5501

Shahbaz Rahbari, Esq.
LAW OFFICES OF SHAHBAZ RAHBARI
www.RahbariLaw.com
Shahbaz@RahbariLaw.com

**San Diego**
1010 2nd Avenue
24th Floor
San Diego, CA 92101
Tel. 619.344.8668
Fax. 619.344.8664

**5. COSTS AND EXPENSES. Clients are responsible for the payment of all costs and expenses.**

(a)      Clients understand that Attorney will incur various costs and expenses in performing legal services under this Agreement. Clients agree to pay for those costs and expenses in addition to the hourly fees stated under Paragraph four (4). The costs and expenses commonly include process servers' fees, filing fees, court and deposition reporters' fees, jury fees, notary fees, deposition costs, long distance telephone charges, messenger and other delivery fees, postage, photocopying and other reproduction costs, travel costs including parking, mileage, transportation, meals and hotel costs, investigation expenses, consultants' fees, expert witness, professional, mediator, arbitrator and/or special master fees and other similar items. Except for the items listed below, all costs and expenses will be charged at Attorney's cost. Clients authorize Attorney to advance such costs at Attorney's sole discretion; however, it is hereby acknowledge and agreed by Clients that Attorney does not have any obligation whatsoever to advance such fees and costs.

(b)      Out of town travel. Clients agree to pay transportation, meals, lodging and all other costs of any necessary out-of-town travel by Attorney and Attorney's personnel. Clients will also be charged the hourly rates for the time Attorney and the legal personnel spend traveling.

(c)      Experts, Consultants and Investigators. To aid in the preparation or presentation of Clients' case, it may become necessary to hire expert witnesses, consultants or investigators, Clients agree to pay such fees and charges. Attorney will select any expert witnesses, consultants or investigators to be hired, and Clients will be informed of persons chosen and their charges.

Additionally, Clients understand that if the matter proceeds to court action or arbitration, Clients may be required to pay fees and/or costs to other parties in the action. Any such payment will be entirely the responsibility of Clients.

**6. NEGOTIABILITY OF FEES.** Pursuant to California Business and Professions Code Sections 6147 & 6148 the rates set forth above are not set by law, but are negotiable between Attorney and Clients.

///
///

Initials: KN

3



**Orange County**
19800 MacArthur Blvd.
Suite 300
Irvine, CA 92612
Tel. 949.356.5500
Fax. 949.356.5501

Shahbaz Rahbari, Esq.
LAW OFFICES OF SHAHBAZ RAHBARI
www.RahbariLaw.com
Shahbaz@RahbariLaw.com

**San Diego**
1010 2nd Avenue
24th Floor
San Diego, CA 92101
Tel. 619.344.8668
Fax. 619.344.8664

**7. PROFFESIONAL RELATIONSHIPS.** Attorney understands that it is Clients' wish to have Attorney represent them so long as they are satisfied with the services performed by Attorney. Clients agree that it is the intent of Attorney to represent Clients who:

    a.    is/are satisfied with the services of Attorney;

    b.    does/do what Attorney instructs Client(s) to do.

    c.    pay(s) Attorney for legal work and court costs spent.

**8. ATTORNEY'S RIGHT TO WITHDRAW.** If and when applicable, Clients understand that they have the right to have the Attorney, upon Clients' request, to come out of the case by making the Attorney sign a form call SUBSTITUTION OF ATTORNEY. Clients also understand that when this happens, Client(s) will receive his/her original file from Attorney, after Attorney has had a reasonable time to copy said file. If and when applicable, Attorney, believing that he also has the right to come out of the case, will ask the Client(s) to sign the SUBSTITUTION OF ATTORNEY form, if any of the following occurs:

    a)    Client(s) want(s) to do or suggest a criminal or illegal act.

    b)    Attorney discovers Client(s) have/has used his services to perform an illegal act;

    c)    Client(s) insist(s) that Attorney does something that is unethical or otherwise;

    d)    If Client(s) and Attorney do not get along to the point that they mistrust each other;

    c)    Client(s) does/do not communicate with Attorney;

    f)    Client intentionally refuses to pay for Attorney's fees and expenses;

    g)    Client(s) refuse(s) to accept or offer a settlement which Attorney believes is reasonable.

    h)    Client(s) does/do not follow Attorney's advice.

**9. CLIENT'S RIGHT TO WITHDRAW.** Clients understand that they may end this Agreement, with or without cause, by communication in writing to Attorney. As provided in paragraph 8 above, Attorney shall return Client(s)' file promptly after this Agreement is ended. Attorney will be entitled to legal fees and costs as provided in paragraphs 4 and 5 above.

Initials: K.N

4

Orange County
19800 MacArthur Blvd.
. Suite 300
Irvine, CA 92612
Tel. 949.356.5500
Fax. 949.356.5501



Shahbaz Rahbari, Esq.
LAW OFFICES OF SHAHBAZ RAHBARI
www.RahbariLaw.com
Shahbaz@RahbariLaw.com

San Diego
1010 2nd Avenue
24th Floor
San Diego, CA 92101
Tel. 619.344.8668
Fax. 619.344.8664

**10. NO CHANGES TO AGREEMENT UNLESS IN WRITING.**
Clients understand and agree that there are to be no additions, strikeouts, changes or waivers of any kind whatsoever to this Agreement unless the change is in writing and signed by both Attorney and Clients.

**11. DISCLAIMER OF GUARANTEE AND ESTIMATES.** Nothing in this Agreement and nothing in Attorney's statements to Client(s) will be construed as a promise or guarantee about the outcome of Clients' matter. Attorney makes no such promises or guarantees. Attorney's comments about the outcome of Clients' matter are expressions of opinion only. Any estimate of fees given by Attorney shall not be a guarantee. Actual fees may vary from estimates given.

**12. ARBITRATION OF ALL MALPRACTICE CLAIMS.** Any controversy between the parties regarding the construction, application or performance of any services under this Agreement, and any claim arising out of or relating to this Agreement or its breach, shall be submitted to binding arbitration upon the written request of one party after the service of that request on the other party. The parties shall appoint one person, or a 3-person panel, to hear and determine the dispute. If the parties cannot agree, then the Superior Court of San Diego County shall choose an impartial arbitrator whose decision shall be final and conclusive on all parties. Attorney and Clients shall each have the right of discovery in connection with any arbitration proceeding in accordance with Code of Civil Procedure Section 1283.05. The cost of the arbitration, excluding legal fees and costs, shall be borne by the losing party or in such proportion as the arbitrator shall decide. The sole and exclusive venue for the arbitration and or any legal dispute shall be in San Diego County, California.

**13. STATE BAR FEE ARBITRATION.** Notwithstanding the above, in any dispute subject to the jurisdiction of the State of California over attorney's fees, charges, costs or expenses, Clients have the right to elect arbitration pursuant to the fee arbitration procedures of the State Bar of California, as set forth in California Business and Professions Code Section 6200, et seq. Those procedures permit a trial after arbitration, unless the parties agree in writing, after the dispute has risen, to be bound by the arbitration award. If, after receiving a notice of Clients' right to arbitrate, Clients do not elect to proceed under the State Bar fee arbitration procedures, and file a request for fee arbitration within 30 days, any dispute over fees, charges, costs or expenses, will be resolved by binding arbitration in the previous paragraph above.

Initials: $\underline{\phantom{K N}}$ K. N

5



**Orange County**
19800 MacArthur Blvd.
Suite 300
Irvine, CA 92612
Tel. 949.356.5500
Fax. 949.356.5501

Shahbaz Rahbari, Esq.
LAW OFFICES OF SHAHBAZ RAHBARI
www.RahbariLaw.com
Shahbaz@RahbariLaw.com

**San Diego**
1010 2nd Avenue
24th Floor
San Diego, CA 92101
Tel. 619.344.8668
Fax. 619.344.8664

Because each party is giving up a right, Clients are encouraged to have an independent lawyer of Clients' own choosing review these arbitration provisions before agreeing to them.

By initialing below, Clients and Attorney confirm that they have read and understood the paragraphs 14 and 15 above, and voluntarily agree to binding arbitration. In doing so, Clients and Attorney voluntarily give up important constitutional rights to trial by judge or jury, as well as rights to appeal. Clients are further advised that Clients have the right to have an independent lawyer of Clients' choice review these arbitration provisions, and this entire agreement, prior to initialing this provision or singing this Agreement.

Clients' Initials: K. N _____    Attorney's Initials: SR

**14. MEDIATION CLAUSE.** If a dispute arises out of or relating to any aspect of this Agreement between Clients and Attorney, or the breach thereof, and if the dispute cannot be settled through negotiation, Attorney and Clients agree to discuss in good faith the use of mediation before resorting to arbitration, litigation, or any other dispute resolution procedure.

**15. ATTORNEY'S FEES CLAUSE.** The prevailing party in any action or proceeding arising out of or to enforce any provision of this Agreement, with the exception of a fee arbitration or mediation under Business and Professions Code Section 6200-6206, will be awarded reasonable fees and costs incurred in that action or proceedings, or in the enforcement of any judgment or award rendered.

**16. PROFESSIONAL LIABILITY INSURANCE DISCLOSURE.** Pursuant to California Rule of Professional Conduct 3-410, Attorney is informing Clients in writing that Attorney (**Shahbaz Rahbari dba Law Offices of Shahbaz Rahbari) does not carry professional liability insurance.**

**17. WHO MAY WORK ON THIS CASE.** Attorney shall have the right to bring in other lawyers to work on this case at Attorney's discretion. Clients understand that at times, due to timing and scheduling conflicts, Attorney may need to associate other counsel in the case at his cost. As such, Clients authorize Attorney to associate or employ, at his expense, other counsel to assist in performing the services required by this agreement, and to appear on Clients' behalf in any proceeding or lawsuit concerning the claim(s) covered by this Agreement.

Initials: K. N                                                                                           6



**Orange County**
19800 MacArthur Blvd.
Suite 300
Irvine, CA 92612
Tel. 949.356.5500
Fax. 949.356.5501

Shahbaz Rahbari, Esq.
LAW OFFICES OF SHAHBAZ RAHBARI
www.RahbariLaw.com
Shahbaz@RahbariLaw.com

**San Diego**
1010 2nd Avenue
24th Floor
San Diego, CA 92101
Tel. 619.344.8668
Fax. 619.344.8664

**18. LIEN.** Clients hereby grant Attorneys a lien on any and all claims or causes of action that are subject to Attorney's representation under this Agreement. Said Attorney's lien will be for any and all sums due and owing to Attorney under this Agreement for services rendered and cost incurred. The lien will attach to any recovery Clients may obtain, whether by arbitration award, judgment, settlement or otherwise. The effect of such a lien is that Attorney may be able to compel payment of fees and costs from any such funds recovered on behalf of Clients even if Attorney has been discharged before the end of the case. Because a lien may affect Clients' property rights, Clients may seek the advice of an independent lawyer of Clients' choice before agreeing to such a lien. By initialing this paragraph, Clients represent and agree that Clients have had a reasonable opportunity to consult such independent lawyer and—whether or not Clients have chosen to consult such an independent lawyer-Clients agree that Attorney will have a lien as specified above.

Clients' Initials: K.√ _____     Attorney's Initials: √

**19. POWER OF ATTORNEY.** Clients hereby grant to Attorney a limited power of attorney for the purpose of endorsing Clients' name to checks, drafts and documents, including a general release, pertaining to this case. Clients also authorize Attorney to retain shares and sums for Attorney's services out of the amounts received by settlement, arbitration, judgment, or otherwise. Clients further authorize Attorney to pay sums owed to third parties who may have a lien on Clients' recovery, as further detained below.

Clients' Initials: K.√ _____

**20. PAYMENT TO THIRD PARTIES.** Clients authorize Attorney to negotiate with and pay any third parties whom may have a claim, including, without limitation, lien(s), for services, including, without limitation, medical examinations and treatments, provided for Clients. Clients acknowledge and agree that Attorney shall not be liable for failure, if any, to pay any debt(s) on behalf of Clients. At the choosing of Attorney, Clients also agrees that they hereby grant a non-exclusive right to Attorney to negotiate and reduce third party claims/payments/liens for which Attorney will be compensated 1/3 (33.33%) gross of/from these reduction amounts, or Attorney may require Clients to enter into a separate agreement, or an amendment to this Agreement, for compensating Attorney for his services in negotiating and reducing third party claims/payments/liens. **Clients further specifically authorize Attorney to disclose any Attorney-Client privilege information and/or documents that Attorney may deem appropriate in this regard.**

Initials: K.√

7



**Orange County**
19800 MacArthur Blvd.
Suite 300
Irvine, CA 92612
Tel. 949.356.5500
Fax. 949.356.5501

Shahbaz Rahbari, Esq.
LAW OFFICES OF SHAHBAZ RAHBARI
www.RahbariLaw.com
Shahbaz@RahbariLaw.com

**San Diego**
1010 2nd Avenue
24th Floor
San Diego, CA 92101
Tel. 619.344.8668
Fax. 619.344.8664

**21. SANCTIONS AND AWARDED FEES.** Clients agree that all sanctions and/or Attorney's fees and costs awarded by a court, and actually paid, for the benefit of Clients or Attorney shall be first applied towards obligations owed to Attorney under the terms and provisions of this agreement including, without limitation, Attorney's gross recovery and reimbursement for costs/expenses advanced, and then the remaining portion, if any, shall be reimbursed to Clients.

**22. SEVERABILITY IN EVENT OF PARTIAL INVALIDITY.** If any provision of this Agreement is held in whole or in part to be unenforceable for any reason, the remainder of that provision and of the entire Agreement will be severable and remain in effect.

**23. DESTRUCTION OF FILE.**   Please note that your file and records pertaining to your case will be destroyed after 90 days of the conclusion of your case or termination of our relationship, whichever occurs first in time.  We will make these files available to you upon your written request within 90 days.   If you select destruction, the files will be physically destroyed by a method that will preserve client confidentiality. You will not be charged for this service.  If we receive no response or a request from you within 90 days of the conclusion of your case or termination of our relationship, we will assume that you wish the files to be destroyed and your files will be destroyed.

**24. EFFECTIVE DATE.** This agreement will take effect when each Client has performed the conditions stated in Paragraph one (1).

**25. ENTIRE AGREEMENT.**  This Agreement sets forth the entire agreement of the parties with respect to the subject matter hereof and supersedes all prior agreements or understandings with respect thereto. This Agreement may only be amended by a writing signed by the parties.

**26. BINDING EFFECT OF AGREEMENT.** To the extent permitted by law, this agreement shall be binding on and effective as to Clients' heirs, legal representatives, successors, and assigns.

DATED: 6-22-16

Shahbaz Rahbari, Esq.

Initials: _____ _____

8



**Orange County**
19800 MacArthur Blvd.
Suite 300
Irvine, CA 92612
Tel. 949.356.5500
Fax. 949.356.5501

Shahbaz Rahbari, Esq.
LAW OFFICES OF SHAHBAZ RAHBARI
www.RahbariLaw.com
Shahbaz@RahbariLaw.com

**San Diego**
1010 2nd Avenue
24th Floor
San Diego, CA 92101
Tel. 619.344.8668
Fax. 619.344.8664

## WAIVER OF CONFLICT OF INTEREST AND ACKNOWLEDGMENT

1.     Absence of Conflicts of Interest: At this stage, it does not appear that there is a conflict of interest that would prevent us from representing you. Each of you shares the same or similar claims or defenses involving your car accident referenced above, and/or related parties. Nevertheless, it is possible that a conflict of interest could arise in the future which would require us to withdraw.

2.     Consent to Future Representation of Current Client in the Event an Actual Conflict Arises:  By signing this agreement you are also agreeing, in the event a conflict arises between you and other plaintiffs represented by Attorneys in this case, to waive your right to disqualify the firm based on any presumption of the breach of confidence arising from the substantial relationship between the former representation and any future litigation.

3.     Request for Common Instructions: One way in which a conflict of interest could occur is if we receive conflicting instructions from you and other plaintiffs. For example, if you were to instruct us to take certain actions on your behalf which another plaintiff instructs us not to take, we would be placed in a position where we could not follow one of the instructions without violating the other. That situation, if unresolved, could create a conflict of interest that would require each of you to seek new attorneys. It is therefore important that we receive a common set of instructions from you that we can follow so that a conflict of interest does not arise that would require our withdrawal.

4.     Pursuit of Common Objectives: Another way in which a conflict could arise is if in the course of litigation, you develop inconsistent claims or objectives.  For example, if one of you wants us to pursue a claim that could adversely affect the claims of the rest, a conflict of interest would exist that could require us to withdraw as your counsel. It will therefore be important during the course of our engagement to make sure that we are pursuing common claims and objectives for all of you so that we will not be required to withdraw later. At the same time, if any of you determine that pursuing a common objective is not in your best interests, we may be required to withdraw from representing you.

///
///
///
///

Initials: _____ _____

9



**Orange County**
19800 MacArthur Blvd.
Suite 300
Irvine, CA 92612
Tel. 949.356.5500
Fax. 949.356.5501

Shahbaz Rahbari, Esq.
LAW OFFICES OF SHAHBAZ RAHBARI
www.RahbariLaw.com
Shahbaz@RahbariLaw.com

**San Diego**
1010 2nd Avenue
24th Floor
San Diego, CA 92101
Tel. 619.344.8668
Fax. 619.344.8664

5.      Preventing Potential Conflicts From Becoming Real: At present it does not appear that any of these conflict of interest situations exist. Nevertheless, we cannot rule out the possibility that these conflicts could arise during the course of the representation. Since changing counsel in the midst of litigation can be expensive and detrimental to your interests, it is important that you are comfortable with us representing all of you together in light of these potential conflicts of interest. In addition, we will need you to work with us through the course of the litigation to keep these potential conflicts from becoming real.

6.      Disclosure of Information to All Clients: In addition, because we represent all of you together, each of you has a right to learn the substance of the communications that we have with the rest of you. In other words, if one of you tells us something, that information may be disclosed to the rest of you. Although the attorney-client privilege will bar disclosure of our conversations with any of you to the outside world, the privilege does not bar disclosure to the rest of you of what any one of you tells us. Indeed, if the information is significant, we may have a duty to disclose information from or about one of you to the rest of you.

7.      Comfort Zone: Here again, it is extremely important that you are comfortable with this arrangement. If each of you were separately represented, your lawyers would not be required to disclose your communications with them to the rest of you. Each of you needs to consider whether you will be as candid with us as you would be with a lawyer representing your interests alone. If you believe that you would not be comfortable with this arrangement or that there would be information that you would be unwilling to disclose to us, because you would not want to disclose to the others, you should obtain your own separate counsel.

8.      Access to Case File: As you know, during the course of this lawsuit, we will be maintaining a file which will contain original correspondence, evidence, pleadings and other documentation. In the event we are required to withdraw from representing all of you, we will retain the original file until we receive a common set of instructions to transmit the file somewhere else. At your request, we will provide you or your new counsel with a copy of the file.

///
///
///
///

Initials: _____ _____

10



**Orange County**
19800 MacArthur Blvd.
Suite 300
Irvine, CA 92612
Tel. 949.356.5500
Fax. 949.356.5501

Shahbaz Rahbari, Esq.
LAW OFFICES OF SHAHBAZ RAHBARI
www.RahbariLaw.com
Shahbaz@RahbariLaw.com

**San Diego**
1010 2nd Avenue
24th Floor
San Diego, CA 92101
Tel. 619.344.8668
Fax. 619.344.8664

9.      Questions: Please forgive the relative length and formality of these instructions. However, we want to be certain that you are fully informed about these important issues and that you are comfortable proceeding with our representation of all of you. Please do not hesitate to call if you have any questions about this agreement. In addition, if you are having any trouble understanding the nature of the disclosures in this agreement, you may want to consult with a separate lawyer.

10.      Informed Consent: By signing this Agreement, you are agreeing to our representing all of you jointly in light of the disclosures above.

THE CLIENTS HAVE READ AND UNDERSTOOD THE FOREGOING TERMS AND AGREE TO THEM AS OF THE DATE ATTORNEYS FIRST PROVIDED SERVICES. IF MORE THAN ONE CLIENT SIGNS BELOW, EACH AGREES TO BE LIABLE, JOINTLY AND SEVERALLY FOR ALL OBLIGATIONS UNDER THIS AGREEMENT. CLIENTS SHALL RECEIVE A FULLY EXECUTED DUPLICATE OF THIS AGREEMENT.

Dated: 6-22-16

Keyvan Nassiri Motlagh

Dated: 6/22/2016

Mahindokht Sanatkhansari

Initials: _____ _____

11